1

2

3                                                                 O

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                          )
                            )
11  UNITED STATES OF        )    Case Nos. EDCV 14-02292-VAP
    AMERICA,                )          **EDCR 12-00057-VAP**
12                          )
    Plaintiff/Respondent,   )    **ORDER DENYING MOTION FOR**
13                          )    **RELIEF UNDER 28 U.S.C.**
          v.                )    **§ 2255**
14                          )
    GARY L. ROGERS,         )    **[Motion filed on November 6,**
15                          )    **2014]**
    Defendant/Movant.       )
16                          )
    _____ )
17

18              **I. SUMMARY OF PROCEEDINGS**

19      On November 6, 2014, Gary L. Rogers ("Movant") filed

20  a "Motion" which the Court construes as a Motion under

21  28 U.S.C. § 2255 to Vacate, Set Aside, or Correct A

22  Sentence by a Person in Federal Custody.  ("Motion" or

23  "Mot.") ([Crim.] Doc. No. 467; [Civ.] Doc. No. 1)[1].  On

24  December 3, 2014, the United States filed an Opposition

25

26  _____

27      [1]   Some of the documents filed in connection with
    this Motion appear only on the docket in the underlying
    criminal case, CR 12-00057-VAP-3.  Citations to [Civ.]
28  indicate documents on the docket for this Motion.
    Citations to [Crim.] indicate documents on the docket for
    the underlying criminal case.

("Opp'n") to the Motion.  ([Crim.] Doc. No. 471.)  Movant

filed a Reply to the Government's Opposition on

February 5, 2015.  ([Crim.] Doc. No. 474; [Civ.] Doc. No.

12.)

## II. BACKGROUND

On December 4, 2013, Movant pled guilty to Count One

of the First Superseding Indictment, conspiracy to commit

sex trafficking, in violation of 18 U.S.C. § 1594(c).

(Minutes of Change of Plea Hearing ([Crim.] Doc. No. 339)

at 1; Plea Agreement ([Crim.] Doc. No. 248) at 1-2.)

Movant entered his guilty plea pursuant to a written plea

agreement.  (See Plea Agreement.)

On April 11, 2014, the Court sentenced Movant to a

204 month term of imprisonment, along with a 5 year

period of supervised release.  (J. & Commitment Order

([Crim.] Doc. No. 424).)  On April 24, 2014, Movant filed

a letter with the Court, in violation of Local Rule 83.2-

11.  ([Crim.] Doc. No. 432.)  That letter was not filed,

but was instead rejected for violating the Local Rules.

In the letter, Movant expresses his displeasure with his

sentence and requests permission to file motions pursuant

to Federal Rules of Criminal Procedure 29, 33, and 35(a).

Despite the fact that nowhere does the letter mention an

appeal, according to Movant, this letter was a "direct appeal."  (Reply at 2.)[2]

After his letter had been rejected for filing, on June 26, 2014, Movant mailed a handwritten letter with attachments to Government counsel, who in turn lodged those documents with the Court.  ([Crim.] Doc. No. 445.) Along with the handwritten letter was a document titled "Notice of Appeal."  ([Crim.] Doc. No. 445-1.)  As far as the Court can discern, no direct appeal was ever properly filed with the Clerk and no direct appeal was considered by the Ninth Circuit.

On November 6, 2014, Movant filed the instant Motion. Construing the Motion liberally, it asserts three claims for relief under § 2255:

(1) Movant's counsel was ineffective because he failed to submit evidence that Movant suffered from multiple mental disabilities at the time he committed the crime;

(2) Movant did not have access to a law library before he signed the Plea Agreement;

_____

   [2]   The pages of the Reply are not numbered.  The Court refers to the pages of the Reply sequentially in the order they appear in the ECF system.

1    (3) Movant was convinced to sign the Plea Agreement
2         based on counsel's representation that he would
3         receive a sentence lower than 204 months.

5    (Mot. at 6, 9-10, 13.)

7                    **III. LEGAL STANDARD**

8    Section 2255 authorizes the Court to "vacate, set
9    aside or correct" a sentence of a federal prisoner that
10   "was imposed in violation of the Constitution or laws of
11   the United States."  28 U.S.C. § 2255(a).  Claims for
12   relief under § 2255 must be based on some constitutional
13   error, jurisdictional defect, or an error resulting in a
14   "complete miscarriage of justice" or in a proceeding
15   "inconsistent with the rudimentary demands of fair
16   procedure." United States v. Timmreck, 441 U.S. 780,
17   783-84 (1979).  If the record clearly indicates that a
18   movant does not have a claim or that he has asserted "no
19   more than conclusory allegations, unsupported by facts
20   and refuted by the record," a district court may deny a §
21   2255 motion without an evidentiary hearing. United States
22   v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also
23   United States v. Chacon-Palomares, 208 F.3d 1157, 1159
24   (9th Cir. 2000) ("When a prisoner files a § 2255 motion,
25   the district court must grant an evidentiary hearing
26   '[u]nless the motion and the files and records of the

27
28
                              4

case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

## IV. DISCUSSION

### A.   Movant's Claims of Ineffective Assistance of Counsel Are Without Merit

Movant claims his counsel was ineffective for: (1) failing to submit evidence that Movant suffered from mental disabilities at the time he committed the crimes that formed the factual basis for his conviction and (2) convincing Movant to sign the Plea Agreement based on the representation that he would receive a sentence lower than 204 months.  Though the Plea Agreement contains a broad waiver of appeal, claims related to ineffective assistance of counsel cannot be waived.  See United States v. Pruitt, 32 F.3d 431, 432-33 ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."); Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (finding that waivers cannot bar ineffective assistance of counsel claims associated with the negotiation of plea agreements).[3]

---

[3]   To the extent Movant did not raise these claims on direct appeal, if his claims of ineffective assistance of counsel had merit, those claims would not be procedurally barred.   Massaro v. United States, 538 U.S.

(continued...)

1   To establish ineffective assistance of counsel, a
2   defendant must prove: (1) "counsel's representation fell
3   below an objective standard of reasonableness," and (2)
4   there is a reasonable probability that, but for counsel's
5   errors, the result of the proceeding would have been
6   different." <u>Strickland v. Washington</u>, 466 U.S. 668,688,
7   694 (1984).  The "likelihood of a different result must
8   be substantial, not just conceivable." <u>Harrington v.</u>
9   <u>Richter</u>, 562 U.S. 86, 112 (2011).

10

11              **1.   Counsel's Submission of Evidence Concerning**
12                        **Movant's Mental Disabilities**
13   Movant first argues that his counsel was ineffective
14   because he failed to present evidence that "at the time
15   of the crime, [Movant] was diagnosed with multiple mental
16   [disabilities]," which was confirmed by various mental
17   health reports and by the fact that Movant received
18   social security income.  (Mot. at 6.)

19

20   The record belies this contention, however.  At the
21   sentencing hearing on April 11, 2014, the Court discussed
22   Movant's history and characteristics, noting that he

23

24   ───────────────
       [3](...continued)
25   500, 504 (2003) ("failure to raise an ineffective-
     assistance-of-counsel claim on direct appeal does not bar
26   the claim from being brought in a later, appropriate
     proceeding under § 2255."); <u>Murray v. Carrier</u>, 477 U.S.
27   478, 492 (1986) ("Attorney error short of ineffective
     assistance of counsel does not constitute cause for a
28   procedural default . . . .").

suffered from depression and that he had previously been diagnosed with bipolar disorder and schizophrenia. The Court confirmed with defense counsel that there was no reason to believe that Movant was incompetent to proceed, however.

After taking into consideration the seriousness of the offense, the need for deterrence, and Movant's history of mental health issues, the Court sentenced him to 204 months incarceration. In so doing, the Court specifically referenced Movant's history of depression as a mitigating factor in determining that the given sentence was appropriate.

Moreover, Movant's counsel also referenced his history of depression, schizophrenia, and bipolar disorder in arguing for a reduced sentence. Movant himself discussed his diagnosis of bipolar disorder and schizophrenia in his allocution.

Thus, upon review of the record, it is clear that Movant's mental health history known to the Court at the time of sentencing, and that the Court considered his mental health history in determining the appropriate sentence. As Movant's counsel was aware of Movant's mental health history and relied upon that history in arguing for a reduced sentence, Movant's first ground for

relief has no basis and is belied by the record.  Put
another way, Movant's counsel could not have been
ineffective for doing something Movant faults him for
failing to do.  Accordingly, the Court DENIES the Motion
on this ground.

### 2.   Counsel's Alleged Representation that Movant Would Receive a Sentence Lower than 204 Months

The Plea Agreement signed by Movant contained an
appeal waiver stating that, "provided the Court imposes a
total term of imprisonment on all counts of conviction of
no more than 240 months, [Movant] gives up the right to
appeal," inter alia, the calculation of his sentence and
the term of imprisonment imposed by the court.  (Plea
Agreement ¶ 18.)

Movant now contends his counsel told him that he
would not "get 204 months for this [conviction]" because
his "factual basis [was] barely even federal . . . ."
(Mot. at 13.)  Thus, Movant is arguing that he was
induced to enter into the plea agreement based on his
counsel's representation that he would receive a sentence
below 204 months.  In his Reply, Movant asserts that, had
he known everything "[defense counsel] told me was
[false], I would have went to [trial]."  (Reply at 4.)

1       There is reason to doubt Movant's claim that his
2   attorney told him that he specifically would not receive
3   a 204 month sentence.  As noted by the Government, a term
4   of imprisonment of 204 months was not requested by either
5   party or recommended by the United States Probation
6   Office.  (Opp'n at 17.)  It therefore seems unlikely that
7   defense counsel, despite requesting a sentence of 120
8   months, was prescient enough to divine the Court's
9   intended sentence prior to the sentencing hearing and
10  also opine to Movant that he would receive a sentence
11  lower than that term.

12

13      The Court finds Movant's statements at the change of
14  plea hearing more credible than the conclusory
15  allegations asserted in the Motion.  During the change of
16  plea hearing, the Court asked Movant if "[a]nybody made
17  any promises to you about your case or told you anything
18  about it or guaranteed you anything about it other than
19  what's in the plea agreement?"  Movant responded in the
20  negative.  Similarly, the Court asked defense counsel
21  "other than what's contained in the written plea
22  agreement have there been any other promises[,]
23  representations[,] or guarantees made to either you or
24  your client," to which he also responded in the negative.

25

26      Later in the plea colloquy, the Court asked
27  Government counsel to state the longest possible sentence
28

1  the law allowed if Movant should choose to go to trial;
2  Government counsel stated the longest possible sentence
3  was life imprisonment.    Thereafter the Court told Movant
4  that "if your sentence is longer than what you hoped for
5  or expected, you'll still be bound by your guilty plea
6  and you won't have the right to withdraw it because it's
7  not the sentence you hoped for."  Movant responded that
8  he understood.

9

10      The Court also asked Movant if, aside from general
11 discussions with his counsel about the sentencing
12 guidelines, if "anyone had promised [him] a certain
13 sentence if [he] pled guilty" or if "anyone told [him]
14 exactly what [his] sentence would be," to which he
15 responded in the negative.  Movant also affirmed that he
16 understood everything that had been discussed during the
17 hearing, that he understood the consequences of pleading
18 guilty, that he was competent and able to make the
19 decision to plead guilty, that his decision to plead
20 guilty was entirely voluntary on his part.

21

22      To the extent the Movant argues that counsel promised
23 him a sentence of 204 months, the Court finds those
24 allegations have little weight in light of his statements
25 at the change of plea hearing.  See Blackledge v.
26 Allison, 431 U.S. 63, 74 (1977) ("[S]olemn declarations
27 in open court carry a strong presumption of verity.").  A
28

district court may deny a § 2255 motion if the petitioner
asserts "no more than conclusory allegations, unsupported
by facts and refuted by the record."  See United States
v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir.
2000)(quoting 28 U.S.C. § 2255).

Moreover, even assuming that Movant's allegations
concerning his counsel's representations were true,
Movant has failed to show he was prejudiced.  When
assessing "the petitioner's claim that ineffective
assistance led to the improvident acceptance of a guilty
plea, the Court [has] required the petitioner to show
'that there is a reasonable probability that, but for
counsel's errors, [the defendant] would not have pleaded
guilty and would have insisted on going to trial.'"
Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012).
Movant has made no such showing here.

Simply put, Movant signed a plea agreement in which
he agreed that he would waive his right to appeal if he
received a sentence of up to 240 months; he was also told
that his plea would be valid and binding even if the
sentence he received was not what he had hoped for or
expected.  He cannot now complain about the length of his
sentence, which was lower than highest sentence he could
have received under the Plea Agreement.

1    Thus, the Court finds that defense counsel was not
2  ineffective with respect to Movant's acceptance of the
3  Plea Agreement and his subsequent guilty plea, and that
4  Movant has suffered no prejudice.  Accordingly, the Court
5  DENIES the Motion inasmuch as it claims Movant's counsel
6  was ineffective.

7

8  **B.   Movant's Remaining Claim Regarding His Ability to**
9  **      Have Access to a Law Library Fails**

10    Finally, Movant attempts to excuse his procedural
11  default by claiming that he had no access to a law
12  library until one and one half years after he signed the
13  Plea Agreement.  (Mot. at 9.)  Movant further explains
14  that the facility in which he was housed had no law
15  library.

16

17    This claim also fails.  As noted by the Government,
18  there is no "abstract, freestanding right to a law
19  library or legal assistance, [and] an inmate cannot
20  establish relevant actual injury simply by establishing
21  that his prison's law library or legal assistance program
22  is subpar in some theoretical sense." Lewis v. Casey,
23  518 U.S. 343, 351 (1996).  Rather, "the inmate . . . must
24  go one step further and demonstrate that the alleged
25  shortcomings in the library or legal assistance program
26  hindered his efforts to pursue a legal claim." Id.
27

28

1    Moreover, as the Government points out, Movant was
2    housed at the Metropolitan Detention Center in Los
3    Angeles from December 31, 2013 through June 4, 2014; that
4    facility has a law library.  (See Opp'n Exs. A-B.)
5    Movant's sentencing took place on April 11, 2014; he thus
6    had ample time to use the law library for any legal
7    research into the legality of his counsel's conduct, his
8    plea, or his sentencing prior to his transfer to another
9    facility on June 3, 2014.  Accordingly, Movant's alleged
10   denial of access to a library does not excuse his
11   procedural default and thus the Court DENIES the Motion
12   as to this ground.

13

14                      **V. CONCLUSION**

15   As all of Movant's claims are procedurally defaulted,
16   and because those claims also fail on the merits, the
17   Court DENIES the Motion.  To the extent Movant has
18   requested a certificate of appealability, that request is
19   also DENIED.

20

21   Dated: April 2, 2015        _____
22                                  VIRGINIA A. PHILLIPS
                                 United States District Judge
23

24

25

26

27

28

                               13